UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDMOND OHIYOK DAVID ODUHO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> A. NEIL CLARK, Field Office Director, U.S. ) <br> Immigration and Customs Enforcement, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NO. C10-472-MJP-MAT <br><br> REPORT AND RECOMMENDATION |

On March 19, 2010, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. No. 6.) On May 7, 2010, however, respondent filed a motion to dismiss along with documentation, indicating that on April 8, 2010, an Immigration Judge granted petitioner's request for a bond redetermination, and ordered that he be released from ICE custody under bond in the amount of $1500. (Dkt. No. 12.) Petitioner posted bond and was released the same day. *Id*. Respondent asserts that because petitioner has been accorded all the relief sought in his habeas petition – release from detention – his Petition for Writ of Habeas Corpus is now moot and should be dismissed. *Id*.

REPORT AND RECOMMENDATION
PAGE -1

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 14th day of May, 2010.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge